In the Matter of the Claim of WILLIAM E. BONSTEEL, Respondent, against SKYLINE PRODUCTS, INC. et al., Appellants, and DOMINICK J. DE ROSA et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by Skyline Products, Inc., and its carrier from a decision of the Workmen's Compensation Board attributing all the claimant's disability to an accident sustained while in its employment. The issues presented on this appeal are whether there is substantial evidence to support the finding that disability is attributable to one accident and the finding of disability between March 26, 1954 and January 7, 1955. The claimant was accidentally injured on July 16, 1953 while working for Skyline. The diagnosis of his resulting condition was that of lumbo sacral sprain or an intervertebral disc herniation. The claimant did not return to work until September, 1954 when he entered the employment of one Dominick De Rosa. While so employed on January 7, 1955 an incident occurred as to his back causing him again to stop work. The Referee found that a new accident had been sustained, that the disability up to June 8, 1955 resulted from it and that thereafter the disability was due to both accidents. The board, on review requested by the claimant, referred the case to an impartial specialist and then decided that there had been no new accident on January 7, 1955, that all the disability was due to the 1953 accident and also that an award for disability between March 26 and September 12, 1954 and for reduced earnings thereafter until January 7, 1955 should have been made. There is substantial medical evidence in the

record to support the finding that no new accident occurred on January 7, 1955. Dr. Kapland testified that the pain experienced on the day was an exacerbation of the 1953 injury and Dr. Rizzo, the impartial specialist, stated that the 1953 injury was the cause of all the subsequent symptomology. As to the finding of disability after March 26, 1954 the appellants point out that on that date a board doctor examined the claimant and found no disability and that thereafter he received no medical treatment until January 7, 1955. However, a different board doctor had one month before found a partial disability and on December 14, 1953 Dr. Lilienfeld had reported a partial disability. Dr. Gold although he did not examine the claimant until January 28, 1955, expressed his opinion that claimant was disabled until he returned to work in September, 1954. He placed importance on the claimant's statement that he was unable to return to work until then and such a statement is, of course, entitled to consideration in view of the fact that all doctors concede that claimant received a serious and substantial injury. With all of the above the board had a right to infer that claimant was disabled until September, 1954 and had reduced earnings thereafter as a result of the accident in 1953. Thus in our view there was substantial evidence to support the finding of disability after March 26, 1954. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.